**WRIGHT, FINLAY & ZAK, LLP**
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Paterno C. Jurani, Esq.
Nevada Bar No. 8136
Natalie C. Lehman, Esq.
Nevada Bar No. 12995
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964 - Fax (702) 946-1345
pjurani@wrightlegal.net
*Attorneys for Plaintiff, USROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| USROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>TBD, LLC, a Nevada Limited-Liability Company; TBR I, LLC, a Nevada Limited-Liability Company; AIRMOTIVE INVESTMENTS, LLC, a Nevada Limited-Liability Company; HIGHLAND RANCH HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Corporation; KERN & ASSOCIATES, LTD., a Nevada Corporation,<br><br>Defendants. | Case No.: 2:17-cv-02083-RFP-PAL<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF GAYLE A. KERN, LTD., dba KERN & ASSOCIATES, LTD.** |

Plaintiff, USROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee (hereinafter "U.S. Bank" or "Plaintiff"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., Paterno C. Jurani, Esq., and Natalie C. Lehman, Esq., of the law firm of Wright, Finlay & Zak, LLP, and Defendant Gayle A. Kern, Ltd., dba Kern & Associates, Ltd. ("K&A," and collectively with "U.S. Bank" as the "Parties"), by and through its attorneys of record, Karen M. Ayarbe, Esq. of Kern & Associates, Ltd. hereby stipulate and

agree as follows:

WHEREAS the above-captioned action concerns Defendant, Highland Ranch Homeowners Association's (the "Association") NRS Chapter 116 non-judicial foreclosure sale on or about March 19, 2013 ("HOA Sale") involving certain real property located in Washoe County, Nevada, commonly known as 6360 Zuni Court, Sun Valley, Nevada 89433, APN: 508-221-44 ("Property");

WHEREAS U.S. Bank filed its Complaint on August 1, 2017, alleging several causes of action against K&A in connection with the HOA Sale and the Property [ECF No. 1];

WHEREAS K&A has never claimed, any interest in the Property;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the Complaint against Defendant K&A is hereby dismissed in its entirety ***without prejudice***;

IT IS FURTHER STIPULATED AND AGREED that K&A shall not contest, seek reconsideration of, and/or appeal any final order, judgment or decree as to the validity and enforceability of the HOA Sale of the Property.

IT IS FURTHER STIPULATED AND AGREED as follows:

1. The period of time commencing of **August 1, 2017 (the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 4 below), shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on lapse of time in any action or proceeding brought by U.S. Bank against K&A with respect to the HOA Sale, the Property, and the Complaint;

2. Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or

is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

3. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

4. Any Party may terminate this Stipulation on thirty (30) days' written notice to counsel for the other Parties. The Termination Date shall be the first business day following thirty (30) days after a Party has provided written Notice of Termination pursuant to this paragraph;

5. This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties;

6. Within thirty (30) days after appearance by the Association in this matter, K&A shall provide to the Association's defense counsel of record the Association's lien, collection, and foreclosure files and/or documents with respect to the real property located at 6360 Zuni Court, Sun Valley, Nevada 89433, APN: 508-221-44 which are in K&A's possession, concerning the HOA Sale for production by the Association's defense counsel in the course of discovery in accord with the Federal Rules of Civil Procedure, subject to any and all applicable objections and privileges.

7. Upon proper notice by U.S. Bank in accord with the Federal Rules of Civil Procedure, K&A shall make available a knowledgeable witness for deposition limited to the HOA Sale of the Property, and subject to any and all applicable objections and privileges. K&A shall be provided 30 days' notice of the deposition, and an opportunity to coordinate with U.S. Bank's counsel a mutually convenient time, date, and location of such deposition. K&A reserves all rights, defenses, and remedies relative to the notice of deposition.

8. Except as set forth hereinabove, the Parties reserve any and all rights, privileges, and defenses under applicable law.

9. Nothing herein shall be construed as a waiver of the attorney client and/or work product privilege that exists among and between K&A and Highland Ranch Homeowners Association, or any other association client of K&A.

IT IS FURTHER STIPULATED AND AGREED that each side will bear its own attorney's fees and costs through the date of entry of the Court's Order granting this Stipulation.

IT IS SO STIPULATED AND AGREED.

WHEREFORE, the undersigned request this Court enter an Order granting the above Stipulation.

| WRIGHT, FINLAY & ZAK, LLP | KERN & ASSOCIATES, LTD. |
|---|---|
| */s/ Paterno C. Jurani, Esq.* <br> Dana Jonathon Nitz, Esq. <br> Nevada Bar No. 0050 <br> Paterno C. Jurani, Esq. <br> Nevada Bar No. 8136 <br> Natalie C. Lehman, Esq. <br> Nevada Bar No. 12995 <br> 7785 W. Sahara Avenue, Suite 200 <br> Las Vegas, Nevada 89117 <br> *Attorneys for Plaintiff, USROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee* | */s/ Karen M. Ayarbe, Esq.* <br> Karen M. Ayarbe, Esq. <br> Nevada Bar No. 3358 <br> 5421 Kietzke Lane, Ste. 200 <br> Reno, Nevada 89511 <br> *Attorneys for Defendant, Gayle A. Kern, Ltd., dba Kern & Associates, Ltd.* |

## **ORDER**

Based on the foregoing Stipulation by and between the Parties, and good cause appearing, ***IT IS SO ORDERED*** that the Complaint against Gayle A. Kern, Ltd., dba Kern & Associates, Ltd., is ***DISMISSED*** in its entirety, without prejudice, each Party to bear its own attorney's fees and costs incurred as of the date of this Order.

Dated: November 1, 2017.

_____
RICHARD F. BOULWARE, II
United States District Judge